UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 10 CR 617-2 |
| | ) | |
| JOEL RIVAS, | ) | Hon. Amy J. St. Eve |
| also known as "Tony" and "Stretch" | ) | |
| | ) | |
| | ) | |

**GOVERNMENT'S CONSOLIDATED MOTIONS *IN LIMINE***

The UNITED STATES OF AMERICA, by its attorney, GARY S. SHAPIRO, United States Attorney for the Northern District of Illinois, respectfully submits the following motions *in limine* in advance of the trial scheduled to begin on July 15, 2013.

**I.   Background**

Defendant is charged in a superseding indictment with: (1) conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of cocaine and a quantity of marijuana, in violation of 21 U.S.C. § 846 (Count One); (2) possession with intent to distribute a quantity of cocaine and marijuana, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count Two); (3) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Three); and (4) two counts of unlawful possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Counts Four and Five). A second defendant, Ismael Miranda, was originally charged along with defendant. Miranda previously pled guilty.

## II. Motion to Bar Evidence or Argument Related to Penalties Faced by Defendant

The government respectfully moves this Court to preclude defendant from introducing evidence, making argument, or otherwise mentioning the potential penalties faced by defendant if convicted. It is well established that unless a jury has a sentencing role, such as in cases involving capital offenses, it "should be admonished to reach its verdict without regard to what sentence might be imposed." *Shannon v. United States*, 512 U.S. 573, 579 (1994) (quotations, footnotes, and citations omitted); *see also Aliwoli v. Carter*, 225 F.3d 826, 830 (7th Cir. 2000); *United States v. Lewis*, 110 F.3d 417, 422 (7th Cir. 1997) (noting that "the practice of informing juries about the sentencing consequences of their verdicts is strongly disfavored"). This basic principle applies to cases involving mandatory minimum penalties as well. *See Shannon*, 512 U.S. at 586 (recognizing that "as a general matter, jurors are not informed of mandatory minimum or maximum sentences").

Indeed, the Seventh Circuit has considered and rejected a request to inform a jury of a mandatory minimum penalty in a narcotics case. *See United States v. Lewis*, 110 F.3d 417, 422 (7th Cir. 1997) (reasoning that the jury had no sentencing function and no statute required the jury to be informed of the consequences of its verdict). And the Seventh Circuit is not alone; in fact, every circuit court of appeals that has considered the issue has held that a defendant does not have a right to inform the jury of a mandatory minimum penalty. *See, e.g., United States v. Polouizzi*, 564 F.3d 142, 161 (2d Cir. 2009) (holding that the defendant "had no Sixth Amendment right to a

2

jury instruction on the applicable mandatory minimum sentence"); *United States v. Johnson*, 62 F.3d 849, 851 (6th Cir. 1995) (affirming the district court's refusal to give an instruction regarding the mandatory term of imprisonment the defendant faced if found guilty); *United States v. McCracken*, 488 F.2d 406, 425 (5th Cir.1974) ("It is error to tell the jury about the consequences of a certain verdict even if they are mandatory.").

Accordingly, defendant should be precluded from arguing or introducing evidence regarding any of the range of penalties he may face if convicted.

### III. Motion to Bar Forms of Argument or Evidence Designed to Elicit Jury Nullification

The government respectfully moves this Court to preclude defendant from arguing or otherwise presenting evidence or pursuing lines of inquiry designed to elicit jury nullification. The law is plain that it is improper for a defendant to suggest in any way that the jury should acquit defendant even if it finds that the government has met its burden of proof. *See, e.g.*, *United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996) ("An unreasonable jury verdict, although unreviewable if it is an acquittal, is lawless, and the defendant has no right to invite the jury to act lawlessly. Jury nullification is a fact, because the government cannot appeal an acquittal; it is not a right, either of the jury or of the defendant."); *see also United States v. Bruce*, 109 F.3d 323, 327 (7th Cir. 1997) ("Jury nullification is not to be positively sanctioned by instructions, but is to be viewed as an 'aberration under our system.'" (quoting *United States v. Anderson*, 716 F.2d 446, 450 (7th Cir. 1983).

Accordingly, defendant should be precluded from arguing or otherwise presenting evidence or pursuing lines of inquiry designed to elicit jury nullification.

**IV.    Motion to Bar Discovery Requests or Commentary Regarding Discovery in Presence of Jury**

The government respectfully moves to preclude defendant from requesting discovery from witnesses or opposing counsel, moving the Court for such discovery, or otherwise commenting on discovery matters, in the presence of the jury. Such requests from counsel in front of the jury are inappropriate and may create the impression that the government has suppressed information as a means of seeking an unfair advantage. As a result, the jury might get the wrong impression that the government has somehow improperly withheld information it has already produced. In any event, these requests, if appropriate, can easily be made to the Court or opposing counsel outside the presence of the jury with no prejudice resulting to either side. Accordingly, the government moves that requests for discovery or comments relating to discovery be made outside the presence of the jury. The government believes it is a fair and sensible one to employ here. *See generally Thompson v. Glenmede Trust Co.*, 1996 WL 529693 (E.D.Pa. 1996) ("Rather than focus on the issues in the case, the jury may instead be misled by the irrelevant side issues of the discovery process. Therefore, the Court will not permit either party to refer to the discovery process in the presence of the jury at trial.").

Accordingly, defendant should be precluded from requesting discovery from witnesses or opposing counsel, moving the Court for such discovery, or otherwise commenting on discovery matters, in the presence of the jury.

**V.     Motion to Preclude Evidence and Argument about the Motivation for Investigating or Prosecuting this Case**

Because evidence bearing on the government's decision to prosecute is "extraneous and collateral," it should be excluded from trial. *See United States v. Johnson*, 605 F.2d 1025, 1030 (7th Cir. 1979) (affirming the exclusion of evidence offered to show that the "indictment was a political instrument"); *United States v. Berrigan*, 482 F.2d 171, 174-76 (3d Cir. 1973) (affirming exclusion of evidence relating to "discriminatory prosecution"). It is settled law that inquiries regarding the subjective intentions or motivations of a government agent are irrelevant to determining the factual guilt or innocence of a defendant. *See, e.g.*, *United States v. Goulding*, 26 F.3d 656, 667 (7th Cir. 1994) (noting, even in the context of an entrapment defense, it was proper for the trial court not to "allow the defense to mount an inquiry into the mental states of the investigating officers since such an inquiry was irrelevant"); *United States v. Katz*, 1992 WL 137174, *7 (N.D. Ill. 1992) (granting government's motion *in limine* to preclude inquiry regarding "[t]he subjective intentions or motivations of the agents involved in this case."); *Shields*, 1991 WL 236492 at *3 (precluding evidence concerning discussions between supervising agent and cooperating witness and noting, "evidence of conversations between the

5

government and its cooperating witness are immaterial; rather what matters is what the witness said to the defendants.").

For these reasons, the government seeks to exclude evidence about the prosecutorial or investigational motive for investigating and charging this case.

## VI. Motion to Preclude Argument or Evidence Concerning Allegations of Governmental Misconduct and Outrageous Government Conduct

The government moves this Court to preclude defendant from presenting arguments or evidence concerning allegations of governmental misconduct.

As other district court judges have noted, there is an "increasing tendency in criminal cases to try some person other than the defendant and some issues other than his guilt." *United States v. Griffin*, 867 F. Supp. 1347, 1347 (N.D. Ill. 1994) (Zagel, J.) (citation omitted). The "thrust of the defense" in these types of cases "is this: the prosecution was not nice or could have done it better and so the jury ought to acquit, whether or nor guilt has been proved beyond a reasonable doubt." *Id* at 1347. In response to this increasing tendency to interject themes of "government misconduct" into a defense strategy, courts have granted motions *in limine* "to bar defendants from presenting evidence or making arguments to the jury suggesting that they should be acquitted because the government engaged in misconduct in the course of its investigation." *United States v. Shields*, 1991 WL 236492, *3 (N.D. Ill. 1991); *United States v. Finley*, 708 F. Supp. 906, 913-914 (N.D. Ill. 1989) (granting motion *in limine* to preclude evidence "which is not relevant to defendants' guilt but is designed only to

6

persuade the jury that defendants should be acquitted because the government engaged in misconduct during its investigation."); *Katz*, 1992 WL 137174, at *5.

The impropriety of arguing allegations of governmental misconduct to the jury is twofold. First, and most fundamentally, the Seventh Circuit has rejected the outrageous government conduct defense and has held that such claims afford no defense to a criminal prosecution as a matter of law. *United States v. Boyd*, 55 F.3d 239, 241-42 (7th Cir. 1995); *see also United States v. White*, 519 F.3d 342, 346 (7th Cir. 2008) ("this circuit clearly and consistently has refused to recognize any defense based on either 'sentencing manipulation' or on asserting 'outrageous government conduct'"). *Boyd* is unequivocal in its holding that "outrageous government conduct" is no defense to a criminal charge, and the jury thus should not be exposed to irrelevant allegations of this sort. Second, even before the *Boyd* decision, this Circuit held that the issue of government misconduct was a matter of law for determination by the court: "the issue of outrageous government conduct is not an issue for the jury." *United States v. Swiatek*, 819 F.2d 721, 726 (7th Cir. 1987) (noting that every circuit which has considered the issue has held that the issue is not a jury question) (citations omitted); *Finley*, 708 F. Supp. at 913-914.

Accordingly, defendants should be precluded from attempting to defend this case by attacking the propriety of the government's investigation.

**VII.   Motion to Admit Prior Convictions and Notice Pursuant to Federal Rule of Evidence 609**

In the event that defendants testify at trial, the government asks to introduce the following convictions pursuant to Fed. R. Evid. 609(a)(1):

- In April 2004, defendant Rivas was convicted of manufacturing/delivery of a controlled substance and sentenced to 10 years' imprisonment.

- In May 2004, defendant Rivas was convicted of manufacturing/delivery of a controlled substance and sentenced to 10 years' imprisonment.

- In September 1996, defendant Rivas was convicted of manufacturing/delivery of a controlled substance and sentenced to 6 years' imprisonment.

Though the government does not know yet the scope of defendant's testimony (should defendant choose to testify), the probative value of these convictions outweighs any prejudicial effect to defendant pursuant to Rule 609(a)(1). Moreover, in this case, the fact that defendant is a convicted felon is an element of the offense, so the jury will already know that defendant is a felon even before he may testify. But the government also seeks to admit the convictions pursuant to Rule 609(a)(1) because they are relevant to the defendant's character for truthfulness.

With respect to convictions that are older than 10 years, the government hereby gives notice that it intends to admit the convictions described above for impeachment purposes, pursuant to Fed. R. Evid. 609(b).

## VIII. CONCLUSION

For the foregoing reasons, the government respectfully requests that its motions *in limine* be granted.

Dated: June 3, 2013

                                Respectfully submitted,

                                GARY S. SHAPIRO
                                United States Attorney

By:   /s/ Joseph H. Thompson
        JOSEPH H. THOMPSON
        ERIKA CSICSILA
        Assistant United States Attorneys
        219 South Dearborn Street, 5th Floor
        Chicago, Illinois 60604
        (312) 469-6131